```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x

UNITED STATES OF AMERICA,

                                              S1 08-cr-1092 (DC)
              -against-

STEVEN BYERS, and
JOSEPH SHERESHEVSKY,

                        Defendants.

------------------------------------------ x
```

**MEMORANDUM OF LAW IN SUPPORT OF
PRETRIAL MOTIONS FOR DEFENDANT
JOSEPH SHERESHEVSKY**

<u>**STATEMENT**</u>

This memorandum of law is submitted in support of defendant Joseph Shereshevsky's pretrial motions. Defendant has been charged in a seven-count indictment with crimes relating to his employment with WexTrust Capital ("WTC"). The Indictment alleges a conspiracy to commit: (a) securities fraud, in violation of Sections 78j(b) and 78ff of Title 15, United States Code, and Title 17, Code of Federal Regulations, Section 240.10b-5; (b) mail fraud, in violation of Title 18, United States Code, Section 1341; and (c) wire fraud, in violation of Title 18, United States Code, Section 1343. The Indictment further charges Mr. Shereshevsky with three counts of securities fraud, two counts of mail fraud, and one count of wire fraud. *See* Indictment. The Indictment seeks forfeiture in the amount of $255 million, which allegedly represents the total approximate amount taken from investors. *Id.*

Mr. Shereshevsky seeks: (1) an order striking those portions of the Indictment that are surplusage pursuant to Fed. R. Crim. Pro. 7(d); (2) an order directing the government to provide advance notice of all evidence it intends to offer at trial against him pursuant to Fed. R. Evid. 404(b); (3) reservation of the right to make motions on discovery not yet received; and (4) such other and further relief as the Court may deem just and proper.

For the reasons set forth below, Mr. Shereshevsky is entitled to the relief he seeks. The Court is respectfully referred to the accompanying declaration of Michael Hueston, Esq., and the exhibits attached thereto, which set forth the facts pertinent to this application.

## ARGUMENT

### *I. The Court Should Strike Prejudicial Surplusage*

Mr. Shereshevsky requests pursuant to Fed. R. Crim. P. 7(d) that the Court strike language from paragraphs 7 and 56 of the Indictment relating to the operations of WexTrust Capital as a "Ponzi scheme" because they are misleading and unfairly prejudicial.

#### A. The Court Has Discretion To Strike Surplusage

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment…" Fed. R. Crim. P. 7(d). This provision is designed to protect defendants from suffering unfair prejudice from allegations that are unnecessary to proving a "plain,

2

concise, and definite written statement of the essential facts constituting the offense charged…" Fe R. Crim. P. 7(c)(1); *see* Fed. R. Crim. P. 7 advisory committee note to subdivision (d) ("This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."). Courts in this Circuit will strike language from an indictment "where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Mulder,* 273 F.3d 91, 99 (2d Cir. 2001)(*quoting United States v. Scarpa*, 913 F.2d 993, 1013(2d Cir. 1990)). "If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *Scarpa*, 913 F.2d at 1013.

    **B.    The Comments In Paragraphs 7 And 56 Of The Indictment Regarding A "Ponzi scheme" Are Unnecessary And Prejudicial**

The Indictment alleges various securities, mail, and wire fraud violations surrounding the operations of WTC from in or about 2003 through August of 2008. Concomitant with the present prosecution, a civil lawsuit has been brought by the Untied States Securities and Exchange Commission against the defendant. *See S.E.C. v. Byers, et al.*, 08-cv-7104 (DC). Two paragraphs of the Indictment refer to the WTC operations as a "Ponzi scheme". *See* Indictment, ¶¶ 7 and 56.[1] These two

---

[1] Paragraph Seven states: "In fact, BYERS, SHERESHEVSKY, and their co-conspirators, operated a Ponzi scheme, [ ]". Paragraph fifty-six states: "[ ], which amount represents the total approximate amount taken from investors by

3

references should be struck because they are not relevant to the crimes charged, and are inflammatory and prejudicial. Rather, the language is surplusage, which defendant contends will make him unsympathetic to a jury and sensationalize the allegations in the Indictment, considering other so-called "Ponzi schemes" discussed in the media. Further, the WexTrust Receiver in the S.E.C. matter has represented that the book value of the currently held properties in the WTC real estate portfolio is approximately $180 million. *See* Hueston Decl., Exhibit A, at p. 7. This representation undercuts the government's contention that defendant was involved in a "Ponzi scheme".

This court has struck indictment allegations citing unnecessary information that is stated in a manner prejudicial to the defendant. For example, in *United States v. Wilson*, 565 F.Supp. 1416, 1439 (S.D.N.Y. 1983), the court struck the allegation that the defendant sought and conspired to export "20 tons of C-4 plastic explosives" as "surplusage and unnecessary" because "[w]hat is important is that [the defendant] was under indictment under a federal charge, and whether the purpose was to export 1 ton or 20 tons is not a matter of consequence." *Id.* The court held that "some of the details stated in this indictment are unnecessary and may unduly prejudice the defendant if, at the very inception of the trial and before a word of testimony is heard, they are read to the jury." *Id.* In this case, the

---

BYERS and SHERESHEVSKY in connection with the Ponzi scheme charged in this Indictment."

4

Indictment's references to a "Ponzi scheme" are unnecessary, misleading and unfairly prejudicial, and the cited language should be stricken from the Indictment.

## II. Advance Notice of 404(b) Evidence.

Fed. R. Evid. 404(b) provides that, upon request of a defendant in a criminal case, the government "shall provide reasonable notice in advance of trial" of any evidence of other crimes, wrongs or acts it intends to introduce at trial. Mr. Shereshevsky made his request in a letter dated May 15, 2009. *See* Hueston Decl., at ¶ 3. Under Rule 404(b), notice is mandatory, and the Court should therefore direct compliance.

Mr. Shereshevsky expects that the government may seek to introduce various portions of the information discussed in the S.E.C. proceeding. The discovery and allegations involved in that proceeding are extensive. Litigation of the 404(b) issue is therefore expected to be similarly extensive.

The reasons for ordering early disclosure, rather than during or on the eve of trial, are plain. If this information is provided now, then the parties will be in a position to litigate the admissibility or evidentiary issues without interrupting the trial. It is in the interest of sound judicial administration to require pretrial notice under Rule 404(b), and resolve admissibility to the greatest extent possible before the jury is exposed to *voir dire* examination and opening statements. *2 Weinstein's Evidence* 494 (1) at 404-13 (1980); *also see United*

*States v. Kelly*, 420 F.2d 26, 29 (2d Cir. 1969) ("[T]rial by ambush in violation of spirit of rules…").

Typically, the government consents to this relief. *United States v. Gambino*, 818 F. Supp. 541, 552-3 (E.D.N.Y. 1993) ("The defendants have requested, that the government provide reasonable notice in advance of trial of all evidence the government intends to offer pursuant to Rule 404(b), Fed. R. Evid. This aspect of the motion is granted. The government has acknowledged its obligation to provide the information requested, and its intention to discharge its obligation.") Accordingly, Mr. Shereshevsky requests an order directing the government to provide notice of all evidence it intends to offer at trial against him pursuant to Rule 404(b) and a hearing to determine its admissibility at trial.

## **CONCLUSION**

For the reasons set forth herein, defendant's motions should be granted in their entirety.

Dated:   New York, New York
         February 16, 2010

                                    MICHAEL HUESTON, ESQ.
*Attorney for Defendant Joseph Shereshevsky*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
By:


____s/_____
MICHAEL O. HUESTON

RICHARD H. ROSENBERG, ESQ.
*Attorney for Defendant Joseph Shereshevsky*
217 Broadway, Suite 707
New York, New York 10007
(212) 586-3838