UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA           :

    - v -                                    :        S1 08 Cr. 1092 (DC)

JOSEPH SHERESHEVSKY,                :
    a/k/a "Joseph Heller,"
    a/k/a "Josie,"                       :
    a/k/a "Yossi,"
                                     :

                  Defendant.
                                     :

------------------------------------------------------------X


# GOVERNMENT'S MEMORANDUM OF LAW
# IN RESPONSE TO JOSEPH SHERESHEVSKY'S PRE-TRIAL MOTIONS


                                                    PREET BHARARA
                                                    United States Attorney
                                                    Southern District of New York
                                                    Attorney for the United States of America


LISA A. BARONI
Assistant United States Attorney

    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA              :

    - v -                                  :     S1 08 Cr. 1092 (DC)

JOSEPH SHERESHEVSKY,                  :

                 Defendant.    :

------------------------------------------------------------X

# GOVERNMENT'S MEMORANDUM OF LAW
# IN RESPONSE TO JOSEPH SHERESHEVSKY'S PRE-TRIAL MOTIONS

The Government respectfully submits this brief in response to Joseph Shereshevsky's pretrial motions filed on February 16, 2010 (hereinafter "Shereshevsky Br."). By those motions, Shereshevsky seeks orders (1) striking references to "Ponzi scheme" from two paragraphs in the Indictment; and (2) compelling the Government to provide advance notice of evidence it seeks to offer at trial pursuant to Federal Rule of Evidence 404(b).

## Background

Superseding Indictment S1 08 Cr. 1092 (DC) was filed on August 28, 2009 in seven counts (the "Indictment" or "Ind."). It charges Shereshevsky with: conspiracy to commit securities fraud, mail fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); substantive securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Two through Four); mail fraud, in violation of Title 18,

United States Code, Sections 1341 and 2 (Counts Five and Six); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Seven).

The charges in this case relate to allegations that Shereshevsky, and his co-defendant Steven Byers, engaged in a multi-year scheme to defraud investors of WexTrust Capital LLC ("WexTrust") by raising funds from investors, typically through private placement memoranda ("PPM"), using investors' funds for purposes other than those specified in the PPMs and failing to disclose the diversions of funds to investors. In furtherance of the scheme, Shereshevsky and Byers made materially false and misleading statements, and omissions, to investors; they falsely represented that investors' funds would be used to purchase specific properties identified in the offering documents pursuant to which the funds were raised. Instead, Shereshevsky and Byers directed that investors' funds, that were raised for specific investment projects, be diverted to pay investors "returns" in connection with other unrelated, investment projects. (See Ind. ¶¶ 4-7). Shereshevsky and Byers also failed to disclose Shereshevsky's criminal history to WexTrust investors. (Id. ¶ 6).

## Discussion

### A. References to "Ponzi Scheme" Should Not Be Stricken From the Indictment

#### 1. Applicable Law

Rule 7(d) of the Federal Rules of Criminal Procedure provides, "Upon the defendant's motion, the court may strike surplusage from the indictment." To prevail on such a motion, a defendant must demonstrate that the challenged language is: (1) not relevant to the crime charged; (2) inflammatory; and (3) prejudicial. See United States v. Mulder, 273 F.3d 91, 99-100 (2nd Cir. 2001); United States v. Hernandez, 85 F.3d 1023, 1030 (2d. Cir. 1996).

3

"If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." United States v. Scarpa, 913 F.2d 993, 1013 (2nd Cir. 1990). "It has long been the policy of courts within the Southern District to refrain from tampering with indictments." United States v. Tomero, 496 F. Supp. 2d 253, 255 (S.D.N.Y. 2007) (Kaplan, J.) (quoting United States v. Bin Laden, 91 F. Supp.2d 600, 621 (S.D.N.Y. 2000)). Given the "exacting standard . . . for a successful Rule 7(d) motion," Scarpa, 913 F.2d at 1013, Courts have noted that "rarely is alleged surplusage stricken from an indictment." United States v. Gotti, 42 F. Supp. 2d 252, 292 (S.D.N.Y. 1999).

The Second Circuit repeatedly has held that "the determinative question is not the extent of the potential prejudice, but rather the relevance of the allegation to the crime charged in the Indictment." United States v. DePalma, 461 F. Supp. 778, 797 (S.D.N.Y. 1978); see also Scarpa, 913 F.2d at 1013 (same; denying motion to strike as surplusage allegations of organized crime connections that were prejudicial given that they were relevant to issues at trial).

**2.     Discussion**

Shereshevsky claims that two references to "Ponzi scheme" in the Indictment are "misleading and unfairly prejudicial," and moves to have the references stricken from paragraphs 7 and 56 of the Indictment. See Shereshevsky Br. at 2. Shereshevsky's motion should be denied.

The references to "Ponzi scheme" are descriptive and serve to explain the defendants' fraud scheme. The references would aid the jury in understanding the crimes charged and the evidence presented; they also are relevant to explaining the defendants' intent. As Courts have recognized in denying motions to strike references to "Ponzi schemes" from Indictments, a "'Ponzi scheme' is a common term used in the financial world" and "merely describes the

4

alleged conduct of the defendant in a succinct fashion." United States v. Behrens, No. 8:09 Cr. 129, 2009 U.S. Dist. LEXIS 124741 (D. Neb. Dec. 30, 2009) (denying motion to strike "Ponzi scheme" from the Indictment). See also United States v. Prescott, No. 05-30067-AA, 2008 U.S. Dist. LEXIS 47105 (D. Ore. Jun. 13, 2008) (finding that "Ponzi scheme" was not "inflammatory or unduly prejudicial" and that the Indictment need not "state only the bare elements of the offenses charged"); United States v. Ruedlinger, No. 97-40012-01, 1997 U.S. Dist. LEXIS 19240 (D. Kan. Dec. 2, 1997) (finding references to "Ponzi scheme" are "relevant to the defendants' intent and motive in structuring the transactions").

Therefore, given that "it has long been the policy of courts within the Southern District to refrain from tampering with indictments," United States v. Tomero, 496 F. Supp. 2d at 255, the references to "Ponzi scheme" should not be stricken from the Indictment in this case and Shereshevsky's motion should be denied.

### B. Motion For Advance Notice Of Fed. R. Evid. 404 (b) Evidence

Shereshevsky also moves for an order compelling the Government to provide advance notice of evidence it seeks to offer at trial pursuant to Federal Rule of Evidence 404(b). See Shereshevsky Br. at 5-6. The Government does not object to providing advance notice of Rule 404(b) evidence and respectfully submits that the Court set a briefing schedule for the parties that would provide the Government give notice four weeks prior to trial.

To the extent Shereshevsky is requesting immediate disclosure of 404(b) evidence, that request should be denied. Rule 404(b) provides that the Government must provide "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of" evidence of any other crimes, wrongs or acts that the Government seeks

to introduce at trial. Fed. R. Evid. 404(b). Courts in this Circuit routinely have held that two weeks notice provides reasonable notice to a defendant under the rule. See United States v. Vega, 309 F. Supp.2d 609, 617 (S.D.N.Y. 2004) (collecting cases). Here, Shereshevsky has not identified any circumstances that warrant disclosure earlier than four weeks prior to trial.

## **CONCLUSION**

For the reasons set forth above, Shereshevsky's pre-trial motions should be denied.

Dated: New York, New York
March 11, 2010

> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney
>
> By: /s/
> Lisa A. Baroni
> Assistant United States Attorney
> Tel. (212) 637-2405

_____

# DECLARATION OF SERVICE

        I, Lisa A. Baroni, declare pursuant to 28 U.S.C. § 1746 that on the 11th day of March 2010, I caused to be placed one copy of the foregoing Government's Memorandum Of Law In Response to Shereshevsky's Pre-Trial Motions, in an envelope addressed to:

        Michael Hueston, Esq.
        350 Fifth Avenue, Suite 4810
        New York, NY 10118

and caused the same to be delivered by United States mail, as well as by the Electronic Case Filing system of the United States District Court.

        I declare under penalty of perjury that the foregoing is true and correct.

        /s/
        Lisa A. Baroni
        Assistant United States Attorney

Dated:  New York, New York
          March 11, 2010